# LAW OFFICES
# OF
# EDWARD C. KRAMER, P.C.

Of Counsel Mintz & Fraade, P.C.

488 Madison Avenue                                                  Tel.  (212) 490-1616
Suite 1100                                                            Facsimile (212) 490-2888
New York, New York 10022                                    eck@lawkram.com

July 7,  2014

Magistrate Judge Roanne L. Mann
United States District Courthouse
225 Cadman Plaza East
Brooklyn, NY 11021

      Re: Delvecchio v. Corbett, et. al.; Case No. 1:13-cv-04325-RLM

Dear Honorable Madam:

      This letter is submitted in opposition to Defendants' motion in limine to redact all purported references to the MRI report of Dr. Brian J. Young, dated March 5, 2013 (the "MRI Report") in Exhibits 14, 17, 18, 19 and 20.

      As was pointed out by the Court at the conference held on June 24, 2014, in Nasrallah v. Oliveiri Helio De and Artichoke Cab Co., 1998 WL 152568 *7 (S.D.N.Y. 1998), then District Court Judge Sotomayor, in ruling that an MRI report may be relied upon by physicians in their expert testimony, stated, in pertinent part, as follows:

> Defendants assert that Dr. Elamir's opinion is not competent evidence because he did not actually view the MRI scans but rather relied on the unsworn report of another doctor (i.e., Dr. Wasserman). There is nothing improper about this. Dr. Elamir's testimony is expert testimony, and as such it may be based on facts "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject," and these facts "do not need to be admissible in evidence." Fed.R.Evid. 703. An expert may rely, as here, on hearsay if it is common in his field to do so. *See United States v. Locascio,* 6 F.3d 924, 928 (2d Cir.1993). Certainly it is common for treating physicians to rely on the interpretive reports of radiologists in making diagnoses without viewing the underlying scans themselves or requiring the radiologists to file affidavits.

      Defendants' citation to Wagman v. Bradshaw, 292 A.D.2d 84, 739 N.Y.S.2d 421 (2nd Dep't 2002, is inapposite since it concerns only state rules of evidence and does not address the

Federal Rules of Evidence. Additionally, it appears that this decision, with certain caveats, would permit references to the MRI Report, as well.

Additionally, none of requested redactions actually refers to the MRI Report, but appear to merely refer to the treating physicians' reviews of the MRI, itself. Defendants' application was, specifically, as stated at the June 24th conference, to redact mention of the radiologist's (Dr. Young) MRI Report.

Accordingly, it is respectfully submitted that Defendants' application be denied in its entirety and that the Court grant such further and other relief to Plaintiff as it may deem proper.

Respectively submitted,

Edward C. Kramer (8411)